T.C. Memo. 2001-82


UNITED STATES TAX COURT


RANDALL AND LYNN BISHOP, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14129-98.                    Filed April 4, 2001.


        P husband (H) carried on a financial planning
business on behalf of individual clients.  R disallowed
various deductions claimed by H during 1994 on
Schedule C filed with Ps' 1994 return and also
determined that Ps were subject to the sec. 6662,
I.R.C., accuracy-related penalty.
        1.  <u>Held</u>:  R's disallowance of various Schedule C
deductions is sustained in substantial part.
        2.  <u>Held</u>, <u>further</u>, no portion of R's deduction
disallowance may be treated as a disallowance of
Schedule A itemized deductions rather than of
Schedule C deductions.
        3.  <u>Held</u>, <u>further</u>, R's penalty against Ps for the
whole of petitioners' underpayment of tax for the
taxable year is sustained under sec. 6662, I.R.C.

Michael G. Moore, for petitioners.

Nancy L. Spitz, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  By notice of deficiency dated May 13, 1998 (the notice), respondent determined a deficiency in petitioners' Federal income tax for 1994 in the amount of $58,632 and an accuracy-related penalty in the amount of $11,726.40. Petitioners have conceded certain of respondent's adjustments giving rise to that deficiency.  The issues remaining for decision are (1) certain adjustments by respondent to deductions claimed by petitioners for depreciation, office expenses, rental expenses, and expenses for meals and entertainment, (2) certain ancillary consequences of respondent's adjustments, and (3) petitioners' liability for the accuracy-related penalty.[1]

Some facts have been stipulated and are so found.  The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference.  We need find few facts in addition to those stipulated and shall not, therefore, separately set forth our findings of fact.  We shall make additional findings of fact

---

[1] The deficiencies also reflect adjustments to petitioners' itemized deductions, personal exemptions, the credit for self-employment taxes, and the sec. 164(f) deduction for one-half of self-employment taxes, all of which derive from the principal adjustment and are not directly disputed by petitioners.

as we proceed.  Petitioners bear the burden of proof.  See Rule 142(a).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Hereinafter, petitioners Randall and Lynn Bishop will be referred to as the Bishops or, individually, as Randall and Lynn.

At the time of the petition, the Bishops resided in Bonita Springs, Florida.

During 1994, the Bishops resided in Burlingame, California. Until July 8, 1994, Randall was employed as a financial planner by Wells Fargo Bank in San Francisco, California, and, during 1994, Lynn was employed as a flight attendant.  During 1994, Randall also carried on a financial planning business (the financial planning business) separate from his employment by Wells Fargo Bank.  Customers of the financial planning business came from referrals to Randall or from seminars conducted by Randall.   The Bishops made a joint return of income for 1994, filing a  U.S. Individual Income Tax Return, Form 1040 (the Form 1040), which included, among other schedules, a Schedule A, Itemized Deductions (the Schedule A), and a Schedule C, Profit or Loss From Business (Sole Proprietorship) (the Schedule C).

Petitioners reported the results of the financial planning business on the Schedule C.  Petitioners computed the taxable income of the financial planning business under the cash receipts and disbursements method of accounting.  The Schedule C reports gross receipts of $424,497 and net profit of $203,020.

In part, respondent's determination of a deficiency in tax results from the following adjustments (disallowances) of deductions claimed on the Schedule C:

| | |
|---|---|
| Depreciation | $34,726 |
| Meals & entertainment | 40,000 |
| Office expenses | 24,091 |
| Rental expenses | 18,247 |
| Travel | 17,584 |
| Seminars | 15,260 |
| Presentations | 12,675 |

On brief, petitioners concede the following:  (1) the correctness of respondent's disallowance of any deduction for travel, (2) the correctness of a portion of respondent's disallowance of a deduction for depreciation, (3) the correctness of a portion of respondent's disallowance of a deduction for office expenses, (4) that the amounts claimed for "seminars" and "presentations" are amounts paid for meals and entertainment, which are subject to the 50-percent disallowance rule of section 274(n), and (5) the correctness of a portion of respondent's disallowance of a deduction for meals and entertainment (including the amounts claimed for "seminars" and "presentations").

We accept all of petitioners' concessions.  After concessions, the deductions still in issue are as follows:

| | |
|---|---|
| Depreciation | $13,232 |
| Office expenses | 8,762 |
| Rental expenses | 23,170 |
| Meals and entertainment | 8,719 |

## Discussion

### I. Deductions

#### A. Introduction

We must determine petitioners' entitlement to the deductions still in issue for depreciation, office expenses, rental expenses, and meals and entertainment.  Because petitioners' principal challenge is substantiating their entitlement to those deductions, we first set forth the pertinent parts of section 274(d), which sets forth requirements for substantiating certain deductions:

> SEC. 274(d) Substantiation Required.--No deduction or credit shall be allowed--
>
> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>
> (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,
>
>     *    *    *    *    *    *    *
>
> (4) with respect to any listed property (as defined in section 280F(d)(4)),

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. * * *

Section 280F(d)(4) includes, among the definitions of "listed property", "any computer or peripheral equipment".

At the conclusion of the trial in this case, the Court, recognizing that substantiation was petitioners' principal challenge, ordered the parties to develop a form of schedule, to be filled in by petitioners, which would set forth each item still in issue, with appropriate references to evidence in the record for each element necessary to sustain a deduction. The parties have complied with that order, and the Court relies on that schedule (petitioners' substantiation schedule) for direction to evidence in support of petitioners' claims.

B. Depreciation

The depreciation deductions here in question are, in actuality, deductions under section 179, which allows certain taxpayers to treat as an expense that is not chargeable to capital account the cost of certain depreciable property. The deduction under section 179 is allowed for the taxable year in which the depreciable property is placed in service. The property here in question consists of a computer, certain

elements of computer memory for that computer and for other computers, and a flatbed computer scanner (the computer equipment) described by petitioners on a Form 4562, Depreciation and Amortization (Including Information on Listed Property), appurtenant to the Schedule C.  The computer equipment is listed property, within the meaning of section 274(d)(4).  See, e.g., Dugan v. Commissioner, T.C. Memo. 1996-155.[2]  Therefore, petitioners must satisfy the substantiation requirements of section 274(d).  The elements to be proved with respect to listed property are set forth in sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Those elements include the amount of "business/investment" use based on an allocation of the time the computer equipment is used.  Petitioners have failed to offer either adequate records or any evidence substantiating Randall's own statements with respect to such use.  See sec. 1.274-5T(c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Petitioners have, therefore, failed to satisfy section 274(d) and, as a result, may claim no deduction under section 179 for the computer equipment.  See

---

[2]  Petitioners offered no evidence that the computer equipment is excepted from the definition of listed property because it was used exclusively at a regular business establishment owned or leased by Randall, which, with certain exceptions not here relevant, is not, also, a dwelling unit.  See sec. 280F(d)(4)(B).  Indeed, confirmation documents with respect to the purchase of the computer equipment show that it was shipped to the address appearing on the Form 1040, which we assume to be petitioners' residence.

Dugan v. Commissioner, supra ("Given that petitioner has failed to demonstrate the business purpose for the computer expense in accordance with section 274(d), the [section 179] deduction is disallowed.").

C.   Office Expenses

Petitioners claim a deduction for office expenses in the amount of $8,762.

Section 162(a) allows as a deduction "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Office expenses of the type claimed by petitioner, e.g., postage, if paid or incurred during the taxable year in carrying on any trade or business, can qualify as deductible section 162(a) expenses.  See sec. 1.162-1(a), Income Tax Regs.  The adequate-records-or-sufficient-corroborating-evidence standard of section 274(d) is not specifically applicable to such expenses.  Nevertheless, a taxpayer is required by section 6001 to keep records and to substantiate the amounts giving rise to claimed deductions, and, if he does not, respondent cannot be considered arbitrary or unreasonable in denying the deductions.  Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974); Cook v. Commissioner, T.C. Memo. 1991-590 (citing Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976)); see sec. 1.6001-1(a), Income Tax Regs.

Randall did not keep a regular set of books reflecting the income and expenses associated with his financial planning business. To substantiate the office expenses and meals and entertainment here in issue, petitioners refer us to (1) various entries in a diary, Randall's "daily planner", (2) his NationsBank VISA card summary statement for 1994, and (3) various receipts relating to meals and entertainment expenses and office expenses. We must decide whether and to what extent that evidence is adequate to substantiate the business expense deductions that remain in issue.

With respect to the items of office expense set out on petitioners' substantiation schedule, with four exceptions, petitioners' evidence fails to satisfy one or more of the elements necessary to establish deductibility as ordinary and necessary business expenses under section 162. For example, a number of items are listed in Randall's daily planner, indicating a business purpose, but do not appear in the NationsBank VISA card summary or relate to one of the receipts in evidence. In other words, there is no proof of payment. For other items, there is proof of payment, but the items are not listed in the daily planner resulting in a failure to establish a relationship to Randall's business.

Based on petitioners' substantiation schedule, we find that petitioners are entitled to a deduction for office expenses in the sum of $2,429.05.

D. Rental Expenses

Section 162(a)(3) allows a deduction for rentals paid for the use of property in a trade or business.

On the Schedule C, petitioners claimed a deduction for rentals in the amount of $18,247. In the petition, they assigned error to respondent's disallowance of that amount. On brief, petitioners claim a deduction for rentals in the amount of $23,170. Petitioners have not moved to amend the petition to assert an overpayment in tax. Nonetheless, since respondent has not objected to the increased claim for a rental deduction on the ground that petitioners failed to plead an overpayment, we assume that such overpayment issue was tried by consent of the parties. See Rule 41(b)(1). In any event, we allow no deduction for rental payments. The rental expense in question is claimed by petitioners to represent the rental costs of rooms in which Randall held financial planning seminars to educate and attract new clients.

Petitioners' substantiation schedule directs us to entries in Randall's daily planner as substantiation for the entire $23,170 of alleged rental expense. Randall testified that he conducted seminars as a way of attracting new clients.

Typically, the daily planner entry includes a dollar amount allegedly representing the cost of renting the room in which the seminar was held.  Petitioners have furnished no evidence that any of those alleged rental costs were in fact incurred:  No canceled checks, no receipts, no inclusion in the NationsBank VISA card summary.  We find that, having offered no evidence of actual payment, petitioners have failed to sustain their burden of establishing that they are entitled to a rental expense deduction.  See Hyde v. Commissioner, T.C. Memo. 1992-419 ("This Court is not bound to accept the unverified, undocumented testimony of petitioner"), affd. without published opinion 9 F.3d 112 (7th Cir. 1993).  By not offering independent evidence that the seminars even took place (e.g., brochures, attendance lists, or the testimony of one or more attendees), petitioners have failed even to furnish a basis for the Court to estimate, under the authority of Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), the amount allowable as rental expense.  As we stated in Hyde v. Commissioner, supra:

> However, in order to make an estimation, 'there [must] be sufficient evidence to satisfy the trier that at least the amount allowed in the estimate was in fact spent or incurred for the stated purpose'.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957). Until the trier has that assurance from the record, relief to the taxpayer would be "unguided largesse". Id.

Petitioners have failed to establish that they are entitled to any deduction for rental expense.

E.  Meals and Entertainment

Petitioners claim a deduction under section 162(a) for meals and entertainment in the amount of $8,719 ($17,438 before taking into account the 50-percent reduction in the deductibility of such expenses provided for by section 274(n)(1)).[3]

The substantiation requirements of section 274(d) apply to entertainment activities.  Section 274(a)(1)(A) places additional restrictions on the deduction of expenses with respect to entertainment activities.  Section 1.274-5T, Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985), contains the substantiation requirements for deductible, business-related entertainment, including meals with customers or clients.[4]  The applicable requirements, contained in paragraph (b) of section 1.274-5T, Temporary Income Tax Regs. (substantiation of amount, time, place, business purpose, and business relationship), are satisfied by the Exhibit B1 and B2 formats.

Petitioners' substantiation schedule separately lists (1) expenditures totaling $13,051.56, for restaurant meals with clients, potential clients, and persons referring potential clients (restaurant meal expenses), and (2) expenditures totaling

---

[3]  The allegedly deductible expenditures are contained in Exhibits B1 and B2 accompanying petitioners' reply brief.

[4]  Mistakenly, petitioners cite sec. 1.274-2(f)(2)(i), Income Tax Regs., which provides a quiet-business-meals exception but which applies to "[b]usiness meals and similar expenditures paid or incurred before January 1, 1987".

$4,386.66 for meals and entertainment where, in petitioners' words, "there may have been 'major distractions not conducive to business discussion', i.e., sporting events, shows, etc." (other entertainment expenses).

For most, but not all, of the restaurant meal expenses, petitioners have set forth the business purpose of the meal, and they have attempted to substantiate the claimed business purpose by referring to the appropriate entry in Randall's daily planner. In most, but not all, cases, the actual expenditure of funds has been substantiated by reference either or both to Randall's NationsBank VISA card summary for 1994 or his restaurant receipts for that year. Unless there is (1) a clearly stated business purpose for a restaurant meal expense, (2) the item is included in Randall's daily planner, thereby supporting the claimed business purpose, and (3) the expenditure is verified by the NationsBank summary or by a restaurant receipt, an essential element of substantiation is lacking, and we sustain respondent's disallowance of a deduction for that item.

In reviewing petitioners' substantiation schedule to determine the adequacy of the alleged substantiation, we note that "business purpose" is often referred to in cryptic terms, e.g., "open", "close", "partial", "A.L. T.D.A.", "LNL", "RLTY", etc. In some cases, we have been able to decipher the meaning of the term from Randall's testimony, and, in some cases, we have

not.  We are not required to speculate as to the nature of the business purpose of any expenditure.  See Lingham v. Commissioner, T.C. Memo. 1977-152.  The fact that Randall may have been dining with a client "is not conclusive of the business character of the meals, for at least some of these people may also have been personal friends of * * * [Randall]".  Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  Therefore, where the business purpose of a meal with a client is not readily discernable from the record, we find the expense to be nondeductible.

Applying the foregoing criteria to the restaurant meal expenses, we find that petitioners have provided adequate substantiation of restaurant meals costing a total of $6,411.28.

There are six items set forth as other entertainment expenses.  Of the six items, three are not referred to in Randall's daily planner.  Thus, there is no corroboration of the stated business purpose.  Most importantly, for none of the items is there any indication that some "business discussion or activity" was associated with the entertainment.  See sec. 274(a)(1)(A), (d); and sec. 1.274-5T(b)(3)(iv) and (b)(4)(iii), Temporary Income Tax Regs., supra.  Therefore, we find that petitioners are entitled to no deduction for any of the other entertainment expenses.

II.  Schedule A Versus Schedule C Deduction Disallowance

All of respondent's proposed adjustments decrease expenses claimed on the Schedule C and, correspondingly, increase petitioners' adjusted gross income for 1994.  Petitioners claim that, based upon "guidelines set out in audits of prior years", they treated a portion of the expenses listed on the Schedule C as Schedule A itemized deductions on the premise that the expenses were associated with Randall's wages from Wells Fargo Bank rather than with his own financial planning business.  In fact, an attachment to line 46 of the Schedule C lists "other expenses", totaling $76,180, and reduces the total by $39,084 which, instead, is deducted on line 20 of the Schedule A as unreimbursed employee expenses.  Petitioners argue that, because a portion of the expenses listed on the Schedule C was, in effect, not taken on the Schedule C but taken, instead, on the Schedule A, a portion of the disallowance of those deductions should, likewise, be a disallowance of the itemized deductions reflected on line 20 of the Schedule A.[5]  Respondent argues that

---

[5]  Although petitioners do not indicate the tax benefit to be derived from their requested reattribution of a portion of respondent's proposed deduction disallowances, we surmise that one such benefit is the resulting reduction in the loss of petitioners' itemized deductions under sec. 68(a)(1) and (b), which, for 1994, equals 3 percent of petitioners' adjusted gross income in excess of $111,800.  By restoring deductions to Schedule C, petitioners reduce adjusted gross income and, thereby, reduce their loss of itemized deductions under sec. 68(a)(1) and (b).  There is also an increase in petitioners'
(continued...)

there is nothing in the record to support petitioners' position and, moreover, there is no authority that supports such treatment.

We agree with respondent. There is no indication in the record as to which of the "Other Expenses" listed on the attachment to line 46 of Schedule C actually relate to Randall's wages from Wells Fargo Bank or which expenses petitioners actually intended to transfer from the Schedule C to the Schedule A. At a minimum, petitioners must show that the deductions disallowed by respondent were among the expenses transferred to the Schedule A, which they have not done. We, therefore, reject petitioners' request to treat any portion of respondent's deduction disallowance sustained herein as a reduction of petitioners' itemized deductions on the Schedule A.

III. Accuracy-Related Penalty

Section 6662 provides for an accuracy-related penalty (the accuracy-related penalty) in the amount of 20 percent of the portion of any underpayment attributable to, among other things, negligence or intentional disregard of rules or regulations (without distinction, negligence), any substantial understatement of income tax, or any substantial valuation misstatement. Respondent determined the accuracy-related penalty against

---

[5](...continued) total miscellaneous itemized deductions in excess of 2 percent of adjusted gross income due to the reduction in that number.

petitioner. Although the notice states that respondent bases his imposition of the section 6662(a) accuracy-related penalty upon "one or more" of the three grounds listed in section 6662(b)(1)-(3), the issue presented by this case and our resolution thereof demonstrates that the only possible ground for imposition of the penalty is section 6662(b)(1), which imposes a penalty in the amount of 20 percent of the portion of the underpayment that is attributable to "negligence or disregard of rules or regulations". Negligence has been defined as lack of due care or failure to do what a reasonable and prudent person would do under like circumstances. See, e.g., Hofstetter v. Commissioner, 98 T.C. 695, 704 (1992). Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed with respect to any portion of an underpayment if it is shown that the taxpayer acted in good faith and that there was reasonable cause for the underpayment. The determination of whether a taxpayer acted in good faith and with reasonable cause is made on a case-by-case basis, taking into account all pertinent facts and circumstances. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of * * * law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners acknowledge their failure to keep adequate records in support of their claimed deductions for expenditures subject to the substantiation requirements of section 274(d), e.g., travel and entertainment expenses (including meals with clients), and they concede that the accuracy-related penalty applies to any underpayment attributable to deduction disallowances with respect to such expenditures. They argue, however, that they made "a good-faith attempt to maintain proper documentation in accordance with applicable rules and regulations" as regards the other section 162 expenses, and that the penalty should not apply to any underpayment attributable to the disallowance of deductions attributable to those expenses.

We note that petitioners have conceded all or a portion of every deduction challenged by respondent, not merely the deductions subject to section 274(d). Moreover, we have found that petitioners' records fail to sustain a large portion of the deductions remaining in issue. Under those circumstances, we sustain the negligence penalty for the whole of petitioners' underpayment of tax.

To reflect the foregoing,

Decision will be entered
under Rule 155.